IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| DOROTHY BARRON, | ◊ | |
| | ◊ | |
| Plaintiff, | ◊ | |
| | ◊ | |
| VS. | ◊ | No. 04-1080-T/An |
| | ◊ | |
| U.S. ATTORNEY GENERAL JOHN ASHCROFT, ET AL. | ◊ ◊ | |
| | ◊ | |
| Defendants. | ◊ | |

ORDER MOTION FOR RECUSAL
AND
ORDER DENYING MOTION FOR REFERRAL

Plaintiff Dorothy Barron, a resident of Paris, Tennessee, filed a *pro se* complaint pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971),[1] along with a motion seeking leave to proceed *in forma pauperis* and a motion seeking appointment of counsel. On May 26, 2004, plaintiff filed a one-paragraph motion seeking an indefinite delay of further court action, citing as cause her deteriorating health and the necessity of additional medical assistance and treatment. The Court issued an order on March 31, 2005 granting leave to proceed *in forma pauperis*, denying appointment of counsel, and denying the motion to stay. On February 6, 2006, plaintiff filed a one-paragraph motion seeking to disqualify this judge "[d]ue to the biased, prejudicial and discriminatory actions of the COURT and

---

[1] Although the complaint does not explicitly invoke Bivens, the plaintiff purports to sue federal officials for violating her rights under the Fifth and Fourteenth Amendments.

having violated Plaintiff; Dorothy Barron's civil and Constitutional rights in the case of Dorothy Barron V. University of Tennessee, No. 04-1079-T/An (2004)."[2] On February 24, 2006, plaintiff filed a motion asking for the status of her recusal motion and, in addition, asking that the Court refer her complaint "to Community Relations Services for a full investigation."

> Pursuant to 28 U.S.C. § 144:
>
> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

In addition, 28 U.S.C. § 455(a) provides that a judge shall disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." Circumstances under which a judge must disqualify himself include:

> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
> (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
> (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
> (4) He knows that he . . . or his spouse . . . has a financial interest in the

---

[2] In an order issued in case no. 04-1079, the Court dismissed the plaintiff's complaint as barred by the Eleventh Amendment. Barron v. University of Tenn., No. 04-1079-T/An (W.D. Tenn. Apr. 29, 2004). Plaintiff filed an untimely notice of appeal, which was dismissed for lack of jurisdiction. Barron v. University of Tenn., No. 05-5634 (6th Cir. July 25, 2005), *cert. denied*, 126 S. Ct. 831 (2005).

>>subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
>(5) He or his spouse . . . :
>>(i) Is a party in the proceeding . . . . ;
>>(ii) Is acting as a lawyer in the proceeding;
>>(iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>>(iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

28 U.S.C. § 455(b).

A judge must recuse himself if, knowing all the circumstances, a reasonable, objective person would question the judge's impartiality. United States v. Sammons, 918 F.2d 592, 599 (6th Cir. 1990). "The standard is an objective one; hence, the judge need not recuse himself based on the 'subject view of a party' no matter how strongly that view is held." Id. (citation omitted). Bias sufficient to justify recusal must be personal, arising out of the judge's background, and not based on the judge's interpretation of the law. Ullmo ex rel. Ullmo v. Gilmour Academy, 273 F.3d 671, 681 (6th Cir. 2001); Browning v. Foltz, 837 F.2d 276, 279 (6th Cir. 1988); United States v. Story, 716 F.2d 1088, 1090 (6th Cir. 1983). A judge's participation in the proceedings or prior contact with a litigant in related cases cannot support a demand for recusal. Liteky v. United States, 510 U.S. 540, 556 (1994); Sammons, 918 F.2d at 599. Sections 144 and 455 are to be read *in pari materia* to require that disqualification must be predicated upon extrajudicial conduct, rather than judicial conduct, and to require that the alleged bias and prejudice be personal rather than judicial. Story, 716

F.2d at 1096.[3] "A judge is presumed to be impartial, and a litigant seeking disqualification bears the burden of alleging facts that would lead a reasonable person to question the neutrality of the judge." United States v. Adams, No. 93-5682, 1994 WL 589509, at *2 (6th Cir. Oct. 25, 1994) (per curiam).

The motion filed by plaintiff does not state any ground that would require this judge to recuse himself. The motion does not set forth any facts suggesting that this judge has a personal bias against the plaintiff. Instead, the plaintiff filed this motion because she is dissatisfied with the dismissal of another lawsuit she filed. For the reasons previously stated, that is not a proper basis for recusal. Accordingly, the motion for recusal (dkt. #7) is DENIED.

The plaintiff's has also reqeusted that her complaint be referred "to Community Relations Services for a full investigation." However, she fails to explain what Community Relations Services is, or what authority this Court has to refer matters to such an organization. This motion (dkt. #8) is also DENIED.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[3] The Supreme Court has held that § 455(b)'s "extrajudicial source" doctrine also applies to § 455(a). Liteky, 510 U.S. at 540.